(January 24, 1900.)

## AH FONG v. McCALLA.

### [59 Pac. 930.]

WRIT OF REVIEW—MEDICAL BOARD—PETITION—DEMURRER.—The case considered and held that the action of the district court in sustaining demurrer to appellant's petition for review was error. (Syllabus by the court.)

APPEAL from District Court, Ada County.

D. D. Williams, for Appellant.

After the return of the defendant was before the court, it was the duty of the court to consider it; the affidavit had

performed its full duty and could not be considered further in the case. A demurrer in this case may be a proper pleading if interposed before the return is made and filed, but after that is done the demurrer has no place in the case, and the return was all that the court had before it to consider. (*Spooner v. City of Seattle,* 6 Wash. 370, 33 Pac. 963.) We have looked in vain for any authority that holds that a demurrer to the petition was proper after the return to the writ was on file. Where a full return has been made the court must hear the parties and give judgment affirming, annulling or modifying the proceedings below. (Rev. Stats., sec. 4669.) When the return is made to the writ, the supreme tribunal tries the case, not upon the allegations contained in the petition for the writ, nor upon any question of fact, but by the record alone as it is returned in obedience to the writ. (*Behrens v. Commissioners,* 169 Ill. 558, 48 N. E. 579; *Smith v. Commissioners,* 150 Ill. 385, 36 N. E. 967.)

Samuel H. Hays, Attorney General, for Respondents.

This proceeding is brought under section 9 of the act regulating the practice of medicine (Laws 1899, p. 345), and section 4962 et seq. of the Revised Statutes. The affidavit or petition corresponds to the complaint and the return to an answer in cases of this kind. (*Madison v. Piper,* 6 Idaho, 137, 53 Pac. 395.) The time of filing the demurrer was unimportant, because the objection that the complaint fails to state facts sufficient to constitute a cause of action may be taken at any time and is never waived. (Rev. Stats., sec. 4178; *Miller v. Pine Min. Co.,* 3 Idaho, 493, 35 Am. St. Rep. 289, 31 Pac. 803.)

HUSTON, C. J.—The appellant made application to the board of state medical examiners for a license to practice as a physician and surgeon within the state of Idaho. His application was refused, and he made application to the district court of Ada county for a writ of *certiorari* to review the proceedings and action of said medical board. The district court issued its writ of review, to which return was made

by said board. The application of appellant was made and filed on August 5, 1899; writ of review was issued on same day, returnable on the fourth day of September, 1899. The record contains a jumbled mass of papers, without order or method of arrangement. It would seem that on the seventeenth day of August what purports to be a return to the writ of review by the board of medical examiners was filed in the district court. On the twenty-eighth day of August, 1899, a demurrer to the petition of appellant was filed. On the fifth day of September, 1899, a motion for a further return was filed by petitioner. On the same day said order for a further return was granted on consent of counsel for defendants, said return to be made on 8th of September, 1899. On September 8th, the time for making said amended return was extended to September 11th. On September 11th an amended return, showing the action of said board on the 8th of September, 1899, at a special meeting thereof, in the matter of the application of appellant for a license. On the 14th of September, 1899, the cause "came on regularly to be heard before the court on plaintiff's motion to strike out defendants' amended return herein and on defendants' demurrer to plaintiff's application." After argument the court took the matter under advisement, and on the 29th of September, 1899, entered an order sustaining the demurrer of defendants to plaintiff's petition, and ordered judgment acordingly, the plaintiff having declined to amend or answer further. From this action and judgment of the district court this appeal is taken.

The only question presented for our consideration is the correctness of the action of the district court in sustaining the demurrer of defendants to plaintiff's complaint. We think the action of the district court was erroneous. The petition of appellant was sufficient to entitle him to the writ prayed. The order of the district court and the judgment thereon are reversed, and the cause is remanded, with instructions to the district court to overrule the demurrer of defendants, and further proceed in said case according to law. Costs of this appeal to appellant.

Quarles and Sullivan, JJ., concur.